UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| ELBERT H. ANDERSON, II, | ) |
|---|---|
| *Plaintiff*, | ) |
| v. | ) No. 1:11-cv-17 |
| | ) *Chief Judge Curtis L. Collier* |
| MARION COUNTY JUSTICE CENTER, | ) |
| OFFICER CHRIS LADD,[1] | ) |
| *Defendants*. | ) |

## **M E M O R A N D U M**

Plaintiff Elbert H. Anderson, II ("Plaintiff") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2). Plaintiff, who was housed at the Marion County Justice Center when he originally filed this complaint but has since been transferred to the Sequatchie County Justice Center, claims the Marion County Justice Center tried to administer him "Paxil without a[n]evaluation" rather than "Atavan" which he alleges was prescribed to him in Colorado but "did not seem to work" or "trazadone" which "seemed to work beter [sic] than the Atavan" (Court File No. 2, pp. 3-4). Plaintiff claims Chris Ladd, a staff member "has had violant [sic] behavor [sic] toward's [sic] [him]." Plaintiff requests proper mental health treatment and $250,000,000.00 for pain and suffering.

Considering the facts alleged in the complaint and the applicable law, for the following reasons, the Court will **DISMISS** the complaint for failure to state a claim upon which relief may be granted (Court File No. 2).

---

[1] The Clerk is **DIRECTED** to add Officer Chris Ladd ("Officer Ladd") as a defendant to the Court's CM/ECF docket sheet, as Plaintiff listed Officer Ladd under additional defendants on the second page of his complaint.

**I.     APPLICATION TO PROCEED IN FORMA PAUPERIS**

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00 (Court File No. 1). Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is a prisoner in custody at Sequatchie County Justice Center, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

> (a)   twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or
>
> (b)   twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to

the Warden and Custodian of Inmate Accounts at Sequatchie County Justice Center, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Plaintiff's file and follow the inmate if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against Plaintiff without any additional notice or hearing by the Court.

## II.     Standard of Review

### A.     *Pro Se Pleadings*

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the

3

claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**III.**   **Facts**

Plaintiff, a man with some mental health issues, was previously incarcerated in the Marion County Justice Center. Plaintiff claims the "Marion County Justice Center" tried to administer "Paxil" without an evaluation. According to Plaintiff, at some unidentified time some unidentified doctor, in Steamboat Springs, Colorado prescribed "Atavan" to him but it was not effective.

Plaintiff contends he has been prescribed "trazadone before" and it seemed to be more effective.

In addition, Plaintiff, without providing any factual support or details contends Officer Chris Ladd "has had violant [sic] behavor [sic]" toward him and "thay [sic] have done nothing to try and get me the help I need."(Court File No. 2, p. 4).

### III. Identity of Defendants

#### A. *Marion County Justice Center*

Plaintiff identifies the Marion County Justice Center("Justice Center") as the sole defendant in the style of the case, but later in the document, he lists Officer Chris Ladd as an additional defendant.

The Justice Center is not a legal entity amenable to being sued under 42 U.S.C. § 1983 but is merely a name assigned to the building which houses inmates. The Justice Center is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. Therefore, the Justice is not a "person" within the meaning of § 1983. *Shoemaker v. Greene County "Jail" Detention Center*, 2007 WL 2159295 (E.D. Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983").

Accordingly, because the it is not a suable entity, the Justice Center will be **DISMISSED** from Plaintiff's § 1983 complaint pursuant to 28 U.S.C. §§ 1915A & 1915(e) as frivolous for failure to state a claim.

#### B. *Officer Chris Ladd*

Plaintiff has named Officer Ladd as an additional defendant in this case with the sole claim that the officer "has had violent behavior toward's [sic] [Plaintiff]." Plaintiff, however, has failed to identify in what capacity he has sued the defendant. The complaint does not indicate whether Officer Ladd is being sued in his official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd,* 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the
governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells,* 891 F.2d at 593-94.

Although it is preferred that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants"; the complaint identified the officers as "acting for themselves and for the City[]"; and

6

Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774-75. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

Although Plaintiff does seek monetary damages, and the request for monetary damages is one factor that might place an individual on notice that he is being sued in this individual capacity, that alone is insufficient to place an official on notice that he is being sued in his individual capacity. *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002) ("Although *Moore* recognizes that the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, we do not read that case as holding that a request for money damages is alone sufficient to place a state official on notice that he is being sued in his individual capacity"). In the instant case, Plaintiff seeks "$250,000,000.00 . . . for pain and suffering" (Court File No. 1, p. 5). This request for monetary damages, alone, is insufficient to indicate Officer Ladd is being sued in his individual capacity.

The complaint before this Court is not analogous to the complaint in *Moore*; there is no ambiguity in the instant complaint as to the capacity in which Plaintiff is suing Officer Ladd. Specifically, in this case, not only did Plaintiff fail to specify in his complaint that he was suing Officer Ladd in his individual capacity, he refers to him in the complaint by his official title (Court File No. 2). Thus, absent any clear indication in the complaint that Office Ladd is being sued in his

7

individual capacity, the Court must assume he is being sued in his official capacity. *Id*. at 772.

A claim against Officer Ladd in his official capacity is treated as an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because Officer Ladd has been sued only in his official capacity as an employee of Marion County, Tennessee, the Court must proceed as if Plaintiff has in fact sued Marion County. Therefore, in order to prevail, Plaintiff must demonstrate the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Marion County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Marion County--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept*. 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff does not allege the violation of his rights resulted from any policy or custom on the part of Marion County. Plaintiff's failure to demonstrate the alleged violations of his constitutional rights resulted from acts representing official policy or custom adopted by Marion

8

County, has resulted in his failure to state a constitutional violation. Therefore, Officer Ladd is entitled to judgment as a matter of law.[2]

Accordingly, the complaint will be **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A and 1915(e)(Court Doc. 2).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] The Court also observes that Federal Rule of Civil Procedure 8(a)(2), requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief. The Supreme Court has explained that this pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal punctuation and citations omitted). Plaintiff's claim again Officer Ladd is insufficient to meet the Rule 8 pleading requirements and fails to state a constitutional violation.